# **<u>Exhibit A</u>**

01278652-1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | | **SUMMONS** | | **CASE NO.**<br>2023 2023-201013-CZ<br>**JUDGE MARTHA D.<br>ANDERSON** |

Court address: 1200 North Telegraph Road, Waterford, MI 48328

Court telephone no.: 248-436-4833

Plaintiff's name, address, and telephone no.
Urban Rk, INc.
OKNK, LLC
OKNK 2, LLC
27360 John R, LLC &
Ogeen Properties, LLC

v

Defendant's name, address, and telephone no.
City of Madison Heights

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Plaintiff's attorney, bar no., address, and telephone no.
Keith M. Nathanson, P41633
Keith M. Nathanson, PLLC
2745 Pontiac Lake Road
Waterford, MI 48328
248-436-4833 // kn@nathanson-law.com

Received for Filing Oakland County Clerk 11/21/2023 12:25 PM

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/21/2023 | 2/20/2024 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

**STATE OF MICHIGAN**

**IN THE 6TH JUDICIAL CIRCUIT COURT**

URBAN RK, INC, A Michigan corporation;
OKNK 2, LLC., A Michigan limited liability company;
OKNK, LLC., A Michigan limited liability company;
27360 JOHN R, LLC, A Michigan limited liability company;
And
OGEEN PROPERTIES, LLC, A Michigan limited liability company,
Jointly and severally,

                              Plaintiffs,

2023-201013-CZ

JUDGE MARTHA D. ANDERSON

Civil Action Number
2023_____GC

V

CITY OF MADISON HEIGHTS,

                              Defendants.
_____/

Keith M. Nathanson, P41633
Keith M. Nathanson, PLLC
Attorneys for Plaintiffs
2745 Pontiac Lake Road
Waterford, MI 48328
(248) 436-4833
kn@nathanson-law.com
_____/

**COMPLAINT**

NOW COMES Plaintiffs, jointly and severally, by and through their attorneys, Keith M. Nathanson, PLLC and for their Complaint against the City of Madison Heights, states as follows:

FACTS:

1. Plaintiff, URBAN RK, INC., is a Michigan corporation, doing business at 27360 John R, Madison Heights, MI 48071.

2. Plaintiff, OKNK 2, LLC, is a Michigan limited liability company, doing business at 27360 John R, Madison Heights, MI 48071.

1

3. Plaintiff, OKNK, LLC is a Michigan limited liability company, doing business at 27360 John R, Madison Heights, MI 48071.

4. Plaintiff, 27360 JOHN R, LLC, is a Michigan limited liability company, doing business at 27360 John R, Madison Heights, MI 48071.

5. Plaintiff, OGEEN PROPERTY, LLC, is a Michigan limited liability company, doing business at 20525 John R, Detroit, MI.

6. That the property in question is located at 27360 John R Road, Madison Heights, MI 48071 (the "subject property").

7. That on or about June 2019, Plaintiff Ogeen Property, LLC purchased the subject property located at 27360 John R, Madison Heights, MI

8. That Plaintiff Ogeen Properties, LLC through Ogene Kada, approached the Defendant about developing the property and installing businesses for the production of marijuana ("grow facilities") on or about April or May, 2019.

9. That Defendant actually provided Plaintiff, OPLLC with three properties that the Defendant would be willing to allow development and operation as a marijuana care giver facility.

10. That Defendant's representative Tim Gardner took Plaintiff OPLLC's representative, Ogeen Kada to various properties which Defendant's wished Plaintiff OPLLC to purchase and improve.

11. That Defendant had previously established selected, segregated areas named by the city as "green zones" for such grow facilities.

12. That Defendant agreed, allowed and encouraged Plaintiff, Ogeen Properties, LLC to develop the property with the promise and direct assertions and

2

representations that, while the subject property was not in the previously marked and delineated green zones, that it would allow the operation of grow houses at the building in April, 2019.

13. That Plaintiff, Ogeen Properties, LLC substantially and materially relied upon these representations and developed and improved the subject property, by performing maintenance, upgrades and repairs, including but not limited to:
    a. Complete electrical outfitting, including rewiring the building and power upgrades;
    b. Removed white box store front retail and reconfigured the building for growing;
    c. Replaced all windows;
    d. Repaired roof;
    e. Removed old back wall separating properties and built brand new separation wall;
    f. Repaved entire parking lot.
14. That on or about July, 2020 Plaintiff, OPLLC completed those repairs, upgrades and maintenance.
15. That Plaintiff, OPLLC obtained permits for the work performed.
16. That the work performed by Plaintiff, OPLLC was inspected by Defendant and passed all relevant inspections in July 2020
17. That in July, 2020 Defendant issued a certificate of occupancy to Plaintiff, OKMK, OKMK2 and Urban RK

18. That in August, 2020 Plaintiffs OKMK and OKMK2 occupied the building and commenced operations as a grow facility, with Urban RK commencing operations approximately two months later.

19. That on or about January 1, 2022, Defendant imposed a new regulation and/or requirement that businesses were required to obtain a "business license" to conduct business activities in Madison Heights.

20. That on or about June, 2022 Plaintiffs attempted to apply for a business license.

21. Defendant accepted the applications and advised that both a fire and building inspection would be needed.

22. That on or around August 16, 2022 the Defendant inspected 27360 John R, through its police department and/or code/ordinance enforcement personnel performed inspection for business licensing purposes

23. Plaintiffs passed the fire inspection.

24. Plaintiffs did not pass the building inspection and police inspection and were given a list of deficiencies.

25. Plaintiffs were given ordinance violations at that time.

26. That the deficiencies listed were replace/repair an exterior window, replace/repair damaged concrete, close all interior and exterior wall penetrations, secure/repair open wires on the side of the building (a disabled conduit from the old power source not in operation), tuck-pointing on concrete, repair a roof leak, install addresses on interior suite doors, and supplying copies of medical cards.

27. Plaintiff OPLLC repaired each and every one of the listed deficiencies in a timely and appropriate manner in September, 2022 completing all of the work in October, 2022.

28. Plaintiffs advised Defendants when the repairs were completed.

29. Defendant refused to reinspect the property.

30. That Defendant not only refused to grant a business license, but refused to even accept a business license application from any of the Plaintiffs.

31. That on the following dates, Defendant, through its police department and/or code/ordinance enforcement personnel, did, without warrant and without cause, appear at the subject property based upon alleged "complaints" about smell and/or other ordinance violations on or about April 25, 2023.

32. That on April 25th, 2023 at roughly 7AM, Defendant, through its police department and/or code/ordinance enforcement personnel, contacted the Plaintiffs and demanded they come down to 27360 John R and to bring the keys to the building so that Defendant, through its police department and/or code/ordinance enforcement personnel can inspect the building for "odor".

33. Plaintiffs appeared as requested.

34. That there was no odor nor smell emanating from the building at that time.

35. Plaintiffs' representative Ogeen Kada, inquired if there was in fact any odor at that time.

36. Defendant's representatives indicated there was no present odor.

37. Previously, Plaintiff OGPLLC had installed a twenty-five-foot vent stack to remediate any concern about smell or odor.

38. Plaintiffs had never previously received any complaints or any notifications regarding any odor or smell emanating from the building.

39. No citations were issued about any smell or odor in the building at that time.

40. That Defendant has a Caregiver Marihuana Grow Overly District Requirements as set forth in section 10.350 *et seq.*

41. That Plaintiffs were also issued violations based upon the alleged "complaints" about smell under §10.350(m).

42. That in fact, there were no smells emanating from the building at that time or any time thereafter.

43. That none of the Plaintiffs have ever received any complaints regarding any odor from the building and/or facilities from any of the neighboring businesses or residences at the time of the issuance of the tickets or any time before that time.

## COUNT I – INTENTIONAL AND/OR TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

44. Plaintiffs hereby reaffirm and reallege those allegations contained in paragraphs one through forty-two as though specifically restated herein, and further states as follows:

45. Plaintiff enjoyed a business relationship in having an operational grow facility which was authorized and permitted by Defendant.

46. Plaintiffs had a contract with Defendants to allow Plaintiffs to operate their facilities within the City.

47. Plaintiffs had a reasonable likelihood of future economic benefit.

6

48. Defendant intentionally interfered with the business relationship and/or expectancy of Plaintiffs.

49. Defendant improperly interfered with the business relationship and/or expectancy of Plaintiffs.

50. Defendant's conduct caused Plaintiffs to disrupt and/or terminate the business relationship and/or expectancy.

51. Plaintiffs have suffered damages.

52. Plaintiffs' damages exceed twenty-five thousand ($25,000) dollars, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiffs pray for Judgment in excess of Twenty-Five Thousand Dollars, as the trier of fact deems fit and proper, plus cost, interest and attorney fees so wrongfully accrued.

## COUNT II – VIOLATION OF DUE PROCESS

53. Plaintiffs hereby reaffirm and reallege those allegations contained in paragraphs one through fifty-two as though specifically restated herein, and further states as follows:

54. At all relevant times, Plaintiffs were entitled to due process of law.

55. By the actions of Defendant, Plaintiffs were not afforded due process of law.

56. Plaintiffs were deprived of property, including, but not limited to the operation of their business and use of the structure for the very purpose for which they occupied the building.

57. Defendant used an after-imposed "business license" requirement to terminate Plaintiffs' business operations.

7

58. Defendant further used unequal enforcement of the law, including an ordinance for "odor violations" which is vague, undefined and unenforceable on its face.

59. Defendant has selective enforced this ordinance with no cause, and no basis to even enforce same, for the sole purpose of driving Plaintiffs' businesses out of operation.

60. Defendant did not give Plaintiffs notice reasonably calculated to apprise Plaintiffs of the action and allow an opportunity to present their objections.

61. Plaintiffs have suffered damages.

62. Plaintiffs' damages exceed twenty-five thousand ($25,000) dollars, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiffs pray for Judgment in excess of Twenty-Five Thousand Dollars, as the trier of fact deems fit and proper, plus cost, interest and attorney fees so wrongfully accrued.

## COUNT III – VIOLATION OF EQUAL PROTECTION

63. Plaintiffs hereby reaffirm and reallege those allegations contained in paragraphs one through sixty-two as though specifically restated herein, and further states as follows:

64. Defendant commenced a devised and systematic process to deprive Plaintiffs of their businesses, business operations and revenues derived therefrom.

65. Defendant has denied Plaintiffs equal protection under the law, selectively enforcing ordinances and selectively targeting Plaintiffs with the enforcement of ordinances which are not enforced against other parties similarly situated.

8

66. Plaintiffs have been intentionally treated differently from others similarly situated.

67. There is no rational basis for the disparate treatment of Plaintiffs.

68. That as a direct and proximate result of Defendant's actions, Plaintiffs have suffered damages.

69. Plaintiffs' damages exceed twenty-five thousand ($25,000) dollars, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiffs pray for Judgment in excess of Twenty-Five Thousand Dollars, as the trier of fact deems fit and proper, plus cost, interest and attorney fees so wrongfully accrued.

## COUNT IV – DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL

70. Plaintiffs hereby reaffirm and reallege those allegations contained in paragraphs one through sixty-nine as though specifically restated herein, and further states as follows:

71. Defendant made a promise to Plaintiffs to induce Plaintiffs to purchase the property; repair, revise, update and improve the property; and to commence business operations there.

72. That the actions of Plaintiffs substantially increased the value of the property and increased the tax revenue generated for Defendant.

73. That the actions of Plaintiffs substantially increased and improved the desirability of the properties in the immediate vicinity and location of Plaintiffs' property and business operations.

74. That Defendant knew, or should have known, that the promises and inducement to purchase the property, improve it, and commence business operations; as well as allow the business operations, would induce the actions of a definite and substantial character on the part of Plaintiffs.
75. That Plaintiffs detrimentally relied upon the promises of Defendant, as well as the specific actions of Defendant.
76. That the specific character and nature of the promises made by Defendant require that the promises of Defendant be enforced to prevent the injustice occurring to Plaintiffs.
77. That as a direct and proximate result of Defendant's actions, Plaintiffs have suffered damages.
78. Plaintiffs' damages exceed twenty-five thousand ($25,000) dollars, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiffs pray for Judgment in excess of Twenty-Five Thousand Dollars, as the trier of fact deems fit and proper, plus cost, interest and attorney fees so wrongfully accrued, plus equitable relief as may be just.

The foregoing allegations contained in this complaint are true to the best of my knowledge, information and belief.

_____
Urban RK, Inc., by  1-8-23
Its: Randy Kamil
     Officer

_____
OKNK, LLC., by  1-8-23
Its: Ogeen Kada
     Member

_____
OKNK 2, LLC., by  1-8-23
Its: Natalie Kada
     Member

_____
27360 John R, LLC., by  11-8-23
Its: Rami Kamil
     Member

_____
OGEEN PROPERTIES LLC., by  11-8-23
Its: Ogeen Kada
     Member


/s/ Keith M. Nathanson
_____
Keith M. Nathanson, P41633
Keith M. Nathanson, PLLC
Attorneys for Plaintiffs
2745 Pontiac Lake Road
Waterford, MI 48328
(248) 436-4833
kn@nathanson-law.com

Dated: November 6, 2023

12